## HAWKINS v. THE STATE.

1. Justices of that county only in which a bastard is born have authority to make an order of filiation, and then only for the relief of the township in which such child is born.

2. Upon a charge of bastardy, the accused on the hearing of an appeal before the Sessions, is entitled to prove his previous good character for morality and decency.

Error to the Supreme Court.

On the 2d day of April, 1842, two justices of the peace of the county of Essex, for the relief of the city of Newark, made an order for the maintenance of a bastard child by the plaintiff, whom they adjudged to be the putative father. This order was affirmed by the court of General Quarter Sessions of Essex; and the proceedings having been subsequently removed into the Supreme Court by *Certiorari*, were there affirmed, the Chief Justice dissenting. By the state of the case agreed upon and filed in the Supreme Court, it appeared that the legal place of settle-ment of the mother was out of this state; that the child was begotten in the city of Newark, but that the reputed father before delivery took the mother to the city of New York, where the child was born. The mother afterwards returned with the child to Newark, where the order in question was made. On the hearing before the Sessions, the plaintiff in error offered to prove that hitherto he had borne an unimpeachable character for morality and decency; but the court refused to admit the evidence.

A writ of Error was brought to this court.

*C. Parker*, for the plaintiff.

1. The child was born in New York, and the justices had no jurisdiction. *Rev. L.* 171 § 1; *Petersd. Abr.* 143, 145, 146 *and cases; Quick* v. *Amwell Pen. R.* 1016; *State* v. *Bidleman,* 2 *Har.* 23. In England (under *Stat.* 18 *Eliz. c.* 3) the justices had no authority to make an order when the child was born in an extra parochial place, the statute applying only to bastards

born within the limits of some parish. *R.* v. *Baker*, 1 *Botts' Poor Laws* 481; *R.* v. *Hexham*, *Ib*. 436; *Har. Dig. tit.* "*Bastards.*"

2. Evidence of character was improperly rejected. *Ruan* v. *Perry*, 3 *Caines* 123.

*John Chetwood*, contra.

SCHENCK, dissented.

CARPENTER, J. I concur in the opinion that the judgment of the Supreme Court must be reversed for the reasons relied on by the plaintiff. The statute (*Rev. L.* 171 § 1) authorizes any two justices of the county *within which* any bastard shall be born, and such justices only, to take order for the better relief of the township within which any bastard shall be born. In this case, the child was not born in the county of Essex, but in the city of New York, and the justices, therefore, had no jurisdiction. The power rests solely on the provisions of the statute. Under the statute of 13 *Eliz. c.* 3, from which our statute is copied, it has been held, that in order to give jurisdiction, it must appear that the order was for the relief of a parish in which the illegitimate child was born. That when the mother had been delivered in an extra parochial place, the justices had no jurisdiction to make an order for the relief of the parish in which she was settled, although she had been pursuaded by the putative father, fraudulently to leave the parish previous to her delivery. *R.* v. *Wilson*, 2 *Ad. & Ellis*, 230.

But I think the Sessions erred in rejecting evidence of good character offered to be shewn by the accused. The offence charged is one which peculiarly puts character in jeopardy; the evidence offered, seems not inconsistent with the general rule, and policy strongly requires its admission. The purest man in the community might be unable to protect himself from a charge like this, if falsely brought against him, but by his character.

Evidence of uniform integrity and good character, is sometimes the only testimony which a defendant can oppose to suspicious circumstances, and in cases of doubt it is entitled to much weight.

Judgment reversed.

CITED in *Dally* v. *Overs. Woodbridge*, 1 *Zab.* 493; *Eames* v. *Stites*, 2 *Vr.* 493; *Allen* v. *Tyler*, 3 *Vr.* 502.